John F. McGair
vs.
Daisy L. Humes

No. 86696.

March 14, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $556.82.

This is a suit on the part of a real estate broker to recover from the seller a commission on the sale price of real estate in the City of Providence sold by the defendant in October, 1930.

The plaintiff obtained from the defendant an agreement in writing giving to him the exclusive right to sell her property located on Potter's Avenue, for the sum of $20,000. This agreement expired on May 10, 1930. No sale was made and another agreement of like character was signed by Mrs. Humes. This agreement expired by its terms on August 20, 1930. At some time prior to August 20th, the plaintiff testified, he told Mrs. Humes that he thought one Scungio was interested in the property and that he might work him up to the point where he would be willing to give $17,000. McGair testified that Mrs. Humes said that if he, McGair, could get Scungio

to give $17,000, that she would accept it and would pay him a commission for so doing. The property was sold somewhat later to Scungio by Mrs. Humes for the sum of $17,000, without the knowledge of McGair. When Mc-Gair learned of the sale, he claimed a commission, which was refused.

The suit is brought upon the oral agreement which McGair claims to have had with Mrs. Humes. The plaintiff further claims to have been the effective agent in bringing about the sale.

There is no question that Scungio first learned of the property through Mrs. Humes or through someone other than McGair. Scungio was always unwilling to pay $20,000 but was willing to give $15.000 and possibly $16,000. There is evidence that McGair worked with Scungio and interested him anew in the property.

Mrs. Humes denied the oral agreement but the Court thinks that there is nothing inherently improbable in the testimony of McGair concerning it. Mrs. Humes had held the property some time at the price of $20,000 and it does not seem improbable that she should have reached the conclusion that she would be obliged to accept a lower figure if she desired to dispose of it.

It may have seemed significant to the jury that the property was sold within a few weeks to Scungio for the sum of $17,000. Whether the oral agreement testified to was entered into and whether McGair was the effective agent in bringing the seller and buyer together on the price of $17,000 were questions of fact for the jury. The Court thinks there was evidence from which the jury might reasonably reach the verdict returned. The case was fairly presented and in the judgment of the Court the verdict does substantial justice between the parties. Defendant's motion is therefore denied.

For plaintiffs: Robinson & Robinson-Adelson.

For defendant: Harlow & Boudreau, Wilson, Lovejoy, Budlong & Clough, Martin F. McGuire.